

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Rm. 3-177
NEW YORK, NY 10007

AMANDA SHOFFEL
Senior Counsel
Phone: (212) 356-2249
Fax: (212) 356-35096
ashoffel@law.nyc.gov

November 20, 2015

**BY ECF**
Hon. Cheryl L. Pollack
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Rodney Smith v. City of New York, et al</u>., 15-CV-03859 (PKC) (CLP)

Your Honor:

  We represent defendants City of New York, Joseph Ponte and William Clemons in the above-referenced matter in which plaintiffs allege, *inter alia*, that they were subjected to excessive force by correction officers on or about Feb. 16, 2015, inside the Otis Bantum Correctional Center ("OBCC") on Rikers Island. We appeared before Your Honor for a pretrial conference in this matter on November 17, 2015. We write to request that the Court enter the attached protective order concerning video footage related to the incident that is the subject of this lawsuit.

  At the conference, we requested the Court issue a Protective Order prior to the production of any video footage, and the Court agreed that a protective order was appropriate. We have drafted the attached Order, which provides in pertinent part:

> IT IS HEREBY FURTHER ORDERED that the confidentiality of Sealed Video shall be maintained by all parties to this litigation and their counsel; that use of the Sealed Video is restricted to use in the above-entitled action; that the Sealed Video shall be protected by plaintiffs' counsel as "Attorneys' Eyes Only," such that plaintiffs' counsel may not disclose any of the Sealed Video to anyone other than employees of their firms and the Court; and that if any party uses any of the Sealed Video in a court filing, each Sealed Video shall be filed under seal.

- 2 -

  Plaintiff's counsel objects to this language on the basis that he should be permitted to show the footage to his clients. Defendants disagree; allowing plaintiffs to view the footage during the pendency of the ongoing Department of Corrections ("DOC") investigation into the incident could compromise the inquiry.  DOC investigators, if they so choose, may show the video to officers or inmates if/when they interview those individuals.  However, since our office cannot speak with any of the officers until after the investigation is complete, we will not be in a position to show the video to the officers.  Nor would it be appropriate for our office to do so, while the investigation is ongoing.

  The referenced provision simply provides that, until the DOC investigation is complete, the video should remain for "attorney's eyes only" and should not be shown to witnesses – either inmates or officers – at this time.

  Under Federal Rule of Civil Procedure 26(c), the Court may grant a protective Order limiting discovery upon a showing of "good cause." The need for confidentiality of information in investigatory files may constitute good cause. <u>McLin v. Chicago</u>, 133 F.R.D. 527, 529 (N.D. Ill. 1990). Here, investigators may use the video during questioning of witnesses and participants of the incident. Allowing plaintiffs to view and discuss the footage with their attorneys outside of this process would likely interfere with recollections, statements, and the gathering of evidence for the investigation.  Defendants have no objection to plaintiffs' viewing the footage once the investigation is complete. However, disclosure to the plaintiffs or other inmate witnesses at this stage is premature and will interfere with the open investigation.

  For the foregoing reasons, defendants respectfully request that the Court enter the attached Order, which would govern use of the video at this time.

              Respectfully submitted,

               /s/
              Amanda Shoffel
              Assistant Corporation Counsel

Attachment