Index No. 15 CV 3859 (PKC)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RODNEY SMITH, et al,

                              Plaintiff,

-against-

THE CITY OF NEW YORK; et al,

                              Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City of New York*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Amanda Shoffel*
    *Tel:  (212) 356-2249*
    *Matter No. 2015-009355*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT

      A.   The Law Enforcement Privilege Protects
           Disclosure of the Video While the Internal
           Investigation is Ongoing ........................................................................ 3

      B.   The City Cannot Agree to Represent Individual
           Officers Pursuant to Gen. Mun. Law § 50-k
           Until the Completion of the Investigation ............................................ 5

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Pages**

*Andolina v. City of New York*,
    14-CV-9211 (KBF) (Dkt. 12) ...................................................................................................4

*Andre v. City of New York*,
    14-CV-4973 (FB) (CLP) (Dkt. 14) ...................................................................................... 4-5

*Dellwood Farms v. Cargill, Inc.*,
    128 F.3d 1122 (7th Cir. 1997) ...............................................................................................3

*In re Dep't of Investigation of City of New York*,
    856 F.2d 481 (2d Cir. 1988)...................................................................................................3

*Dinler v. City of New York*,
    607 F.3d 923 (2d Cir. 2010)...................................................................................................3

*Galvin v. Hoblock*,
    00 Civ 6058, 2003 U.S. Dist. LEXIS 16704 (S.D.N.Y. Sept. 23, 2003) ...................................3

*Gonzalez v. City of New York*,
    14-CV-7121 (RWS) (Dkt. 5) ..................................................................................................4

*Mercurio v. The City of New York, et al.*,
    758 F.2d 862 (2d Cir. 1985)...................................................................................................5

*Volmar Distributors, Inc. v. New York Post Co.*,
    152 F.R.D. 36 (E.D.N.Y. 1993) .............................................................................................4

*Williams v. City of New York, et al.*,
    64 N.Y.2d 800 (1985) ............................................................................................................5

**Statutes**

42 U.S.C. § 1983....................................................................................................................1

Fed. R. Civ. P. Rule 26(c)......................................................................................................1

Gen. Mun. Law § 50-k...........................................................................................................5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RODNEY SMITH, et al,

                                                          15 CV 3859 (PKC)

                                    Plaintiffs,

            -against-

THE CITY OF NEW YORK; et al,

                                    Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

       Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 against the City of New York and unidentified corrections officers alleging deprivations of their civil rights. Specifically, plaintiffs allege, inter alia, that they were subjected to excessive force by correction officers on or about Feb. 16, 2015, inside the Otis Bantum Correctional Center ("OBCC") on Rikers Island. Defendants respectfully request that the Court issue a Protective Order prior to the production of any video footage that seals and designates that the video shall be protected by plaintiffs' counsel as "Attorneys' Eyes Only" (hereafter "AEO"), such that plaintiffs' counsel may not disclose any of the Sealed Video to anyone other than employees of their firms and the Court until the investigation is complete.

       Plaintiff's counsel objects to the AEO restriction, and asserts that he should be permitted to show the footage to his clients. Defendants disagree; allowing plaintiffs to view the footage during the pendency of the ongoing Department of Corrections ("DOC") investigation into the incident could compromise the inquiry.  We respectfully submit that the Court should

enter a protective order with the AEO restriction, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, because the video is privileged during the course of the open investigation under the law enforcement privilege. Additionally, Counsel for the City is unable to meet with or interview any of the potential defendants until the internal investigation is complete and there is a final determination whether departmental charges are appropriate. Because we cannot meet with the involved officers or officer-witnesses, we cannot show the video to them. We submit that plaintiffs' counsel, likewise, should not be permitted to show the video to his clients or other witnesses at this time. We previously submitted our proposed order on Nov. 20, 2015 (Dkt. 11), and we request that the Court enter that order to govern disclosure of the video.

## STATEMENT OF FACTS

Plaintiffs consist of twenty two plaintiffs who claim they were subjected to excessive force inside the gymnasium area of OBCC while they were incarcerated on Rikers Island. The Complaint does not identify the names of any individual officers personally involved in the alleged incident. Pursuant to the Court's Order of August 26, 2015, Corporation Counsel provided the names, shield numbers, and proper service addresses for all officers who were involved in and/or witnessed the incident described in the Complaint. Additionally, Defendants have produced the names and identification numbers of twenty additional inmates who were in the gym area at the time and may have witnessed the incident. Finally, Defendants have produced the facility file, which includes the following documents: Inmate Voluntary Statements; Use of Force Witness Reports; Use of Force Reports; Referrals of Inmates to Mental Health Services; Injury to Inmate Reports; Medical Evaluation and Treatment of Correction Officer/Civilian; Alarm and Response Logbook; Investigation Reports; and Report and Notice of Infraction Reports.

These documents will provide not only identities, but descriptions by inmates and officers as to what they saw, or what personal involvement-if any- each had in the alleged incident. These documents will enable Plaintiffs to amend the Complaint and identify potential defendants, as well as potential claims. Furthermore, Defendants do not object to providing the video to counsel to assist in these determinations- we simply ask that the video not be shown to parties for either side until the investigation is complete so as not to interfere in the investigatory process. Defendants submit that a protective order should be issued barring such production from the parties pursuant to the law enforcement privilege.

## ARGUMENT

**A.  The Law Enforcement Privilege Protects Disclosure of the Video While the Internal Investigation is Ongoing**

According to the Second Circuit, the purpose of law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures. *In re Dep't of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988). A crucial issue, therefore, is whether the document contains "information [which]…could materially hamper governmental functions, including law-enforcement responsibilities." *Galvin v. Hoblock*, 00 Civ 6058, 2003 U.S. Dist. LEXIS 16704, *9 (S.D.N.Y. Sept. 23, 2003).

The law enforcement privilege is qualified, and can be overcome only by "an adequate showing of need." *Id*. at *10.  Once the court determines that discovery sought in a civil proceeding is subject to the law enforcement privilege, the burden shifts to the party seeking discovery to show "*compelling* need" for the materials.  *Dinler v. City of New York*, 607 F.3d 923, 945 & n.23 (2d Cir. 2010) (emphasis in original).  "[T]here is a strong presumption against lifting the privilege because … control of criminal investigations is the prerogative of the

3

executive branch, subject to judicial intervention only to protect rights." *Id*. at 945 n.22 (quoting *Dellwood Farms v. Cargill, Inc*., 128 F.3d 1122, 1126 (7th Cir. 1997)).

Here, the video sought by plaintiffs falls within the law enforcement privilege. The video was taken by Department of Corrections personnel for documentation and use in department investigations. Investigators for the Department of Correction – a law enforcement agency – are currently using all documentation of the incident to determine if departmental charges are warranted. Allowing plaintiffs to view and discuss the footage with their attorneys outside of this process would likely interfere with recollections, statements, and the gathering of evidence for the investigation. Creating or altering statements in the record is precisely the type of interference with an investigation that the privilege is intended to prevent. *Volmar Distributors, Inc. v. New York Post Co*., 152 F.R.D. 36, 39 (E.D.N.Y. 1993) (stay appropriate where allowing civil discovery "might also expand the rights of criminal discovery, … expose the basis of the defense to the prosecution in advance of trial, or otherwise prejudice the case").

Additionally, in order to overcome the privilege, plaintiffs must show a "compelling" need for the evidence. Defendants have already copied and preserved the video, so there is no threat that the evidence will be lost or destroyed. The identities of potential parties and their services addresses have already been provided to counsel, along with a description of the incident and medical reports with alleged injuries. Plaintiffs' claim that it is "impossible" to determine the involvement of each of the forty officers without each client watching the video appears to be overstated: the use of force reports identify and distinguish each officer who used force and each officer who observed force.[1] *See*, Docket Entry No. 12, Letter from Counselor

---

[1] Should Plaintiffs amend to add individual defendants prior to completion of the investigation, there are additional complications regarding representation of the officers, discussed briefly *infra*. Once Plaintiff moves to amend, Defendants reserve the right to request a stay of civil proceedings.

4

Marinelli, dated November 24, 2015. There is simply no compelling information contained within the video that is not available in some other medium. For this reason, the Court should exercise its discretion in protecting disclosure of the video prior to the conclusion of the internal investigation. *Andolina v. City of New York*, 14-CV-9211 (KBF) (Dkt. 12) (stay pending CCRB investigation) (Forrest, D.J.); *Gonzalez v. City of New York*, 14-CV-7121 (RWS) (Dkt. 5) (same) (Sweet, D.J.); *Andre v. City of New York*, 14-CV-4973 (FB) (CLP) (Dkt. 14) (stay pending IAB investigation) (Pollack, M.J.).

    **B.**    **The City Cannot Agree to Represent Individual Officers Pursuant to Gen. Mun. Law § 50-k Until the Completion of the Investigation**

The Corporation Counsel cannot interview any of the involved officers until the IAB investigation is complete. Section 50-k of the General Municipal Law provides that the City must represent its employees in lawsuits "arising out any alleged act or omission the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and *was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred*." Gen. Mun. Law § 50-k (McKinney's Cons. Laws of N.Y. 2015) (emphasis added). This office can only represent individual defendants if we determine that "no violation of any rule or regulation of the employing city agency has occurred, or [that] no agency disciplinary proceedings have been commenced against the employee, or [that] disciplinary proceedings resulted in the exoneration of the employee." *Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985); *see also Williams v. City of New York, et al.*, 64 N.Y.2d 800 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

In light of the foregoing requirements, this office must await the conclusions of the internal investigation before we can speak with any of the involved officers. If departmental

charges are brought against any officer, the City may not be able to represent and indemnify that officer. The Corporation Counsel cannot investigate the incident at all, until the internal investigation is complete, because we cannot interview the officers as yet. For this reason, we are unable to show the video to any officers for purposes of this litigation, and we submit that plaintiffs' counsel should be subject to the same restriction at this time. After the investigation is complete, then both sides will be able to review the video with their respective clients and witnesses.

For the foregoing reasons, we respectfully request that Your Honor enter the proposed Protective Order preventing disclosure from plaintiffs until the internal investigation is complete.

Dated:    New York, New York
          December 9, 2015

                            ZACHARY CARTER
                            Corporation Counsel of the
                               City of New York
                            *Attorney for Defendants*
                            100 Church Street, Room 3-213
                            New York, New York 10007
                            (212) 442-8248

              By:    /s/ *Amanda C. Shoffel*
                       Amanda C. Shoffel
                       Assistant Corporation Counsel
                       Special Federal Litigation Division

TO:   Robert Marinelli, Esq.
      305 Broadway, 9th Floor
      New York, NY  10007

6