UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RODNEY SMITH, et al,

                            Plaintiffs,

       -against-

THE CITY OF NEW YORK; et al,

                            Defendants.

------------------------------------------------------------------------ x

**15 CV 3859 (PKC)**

**PROTECTIVE ORDER**

       **WHEREAS**, plaintiffs have sought certain documents and information from defendants pursuant to plaintiffs' discovery demands in this action;

       **WHEREAS,** defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

       **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiffs and defendants as follows:

       As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents**,** "Confidential Materials" shall mean:

       (A)  Performance evaluations of defendants;

       (B)  Disciplinary records for defendants, and the information contained therein;

       (C)  Personnel and employment history for defendants;

- 2 -

  (D) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by defendants to the extent such information is within defendants' possession.

  (E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by plaintiff pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

  The documents and information as defined in paragraph 1 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiffs from sources other than defendants, or (b) are otherwise publicly available.

  Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

  1. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Stipulation and Protective Order.

  2. The defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to the plaintiffs.

  3. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the

- 3 -

parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within ten (10) days of receiving defendants' response to plaintiffs' objections, plaintiff shall seek judicial intervention.

4. Plaintiffs' attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

5. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

6. Notwithstanding the provisions of this Protective Order, if plaintiffs, plaintiffs' attorneys or anyone on plaintiff's behalf ("plaintiffs or plaintiffs' representatives") make public representations, the substance of which concerns the Confidential Materials, defendants or defendants' attorneys may move the Court, on an expedited basis, for relief.

7. Plaintiffs' attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiffs' attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiffs' attorney shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A,

not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

8. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, plaintiffs may file redacted documents without further order of the Court.

- 5 -

11. In addition, where reasonable advance notice is given by plaintiffs and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

12. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed (except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

13. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
November 8, 2016

SO ORDERED:

_____
U.S.D.J.

- 6 -

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order dated May 16, 2016, entered into the action entitled <u>Rodney Smith v. City of New York, et al.</u>, 15 CV 3859 (PKC), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____    Signature: _____

                                                                                                   Print Name: _____