

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | BRACHAH GOYKADOSH<br>*Assistant Corporation Counsel*<br>bgoykado@law.nyc.gov<br>Phone: (212) 356-3523<br>Fax: (212) 356-1148 |

May 16, 2017

**By ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Rodney Smith, et al. v. City of New York, et al.</u>
              15-cv-3859 (PKC) (CLP)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent Defendants City of New York, Ponte, and Clemons in the above-referenced matter. Defendants respectfully write in opposition to Plaintiffs' motion to compel the video of the underlying incident alleged in the Complaint.

    **Relevant Facts and Procedural History.**

    As the Court is aware, 22 Plaintiffs filed this instant matter alleging that they were locked in a gym at the Otis Bantum Correctional Center ("OBCC") and sprayed with a chemical agent, resulting in varied physical injuries. While the Court ordered Defendants to produce a video of the incident alleged (see Docket Entry No. 19), the Court also endorsed a Protective Order which allowed Defendants to "designate in good faith particular documents 'Confidential Materials' by labeling such documents 'Confidential[.]" (Docket Entry No. 28 at ¶ 2). Defendants produced the video of the underlying incident to Plaintiffs on three separate occasions in CD-ROM form, which was the format provided to Defendants.[1] On May 5, 2017, Plaintiff claimed that he was experiencing difficulties viewing the video and demanded by email that Defendants provide "a copy [of the video] via email or google drive." (See Emails from Robert Marinelli, annexed hereto as Exhibit "A"). Defendants informed Plaintiffs that they would send a fourth copy of the video to Plaintiffs. In response, Plaintiffs asserted that they did "not want other cd rom" and

---

[1] The "video" is divided into three separate files, which is how DOC provided the video to Defendants. Because all three files form one continuous incident, Defendants refer to their production as the singular "video."

that they want "abfile [sic] emailed" to them. (See Emails from Robert Marinelli, Exhibit "A"). As an ancillary matter, Defendants note that Plaintiffs did not indicate in their letter-motion whether they attempted to try to play the three, separate CD-ROMs containing the video on different multimedia players.

Soon after, Plaintiffs moved to compel Defendants to produce the video to their counsel in the form counsel demanded. (Docket Entry No. 36). For the reasons stated *infra*, Defendants oppose.

### Plaintiffs Failed to Comply with Local Civil Rule 37.3.

Under Local Civil Rule 37.3, prior to seeking judicial resolution of a discovery dispute, the affected parties "shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute." Courts in this District have recently stated that merely exchanging "hit-and-run emails" does not fulfill the obligations set forth under Local Rule 37.3. Williams v. Fire Sprinkler Assocs., 2017 U.S. Dist. LEXIS 45030, at *2 (E.D.N.Y. Mar. 27, 2017). Failure to comply with Local Civil Rule 37.3 is "sufficient in and of itself to reject [a discovery] motion." Williams, 2017 U.S. Dist. LEXIS 45030, at *3.

Here, besides sending increasingly incomprehensible and threatening emails to defense counsel (see Emails from Robert Marinelli, Exhibit "A"), Plaintiffs failed to confer with Defendants as is required by the Local Rules of this Court. At no point did Plaintiffs call Defendants, and attempt to resolve this matter by engaging in a substantive discussion about the issues they were experiencing with the three copies already produced. The Court should not indulge this conduct, which alone is sufficient for dismissal of Plaintiffs' motion.

### Legal Basis for Defendants' Opposition.

As a preliminary matter, in their scant letter motion, Plaintiffs fail to cite to any legal authority whatsoever to support their untenable position that they are entitled to the video in the form their counsel demands. That is because they are not. Under Rule 34(b)(2)(E)(iii) of the Federal Rules of Civil Procedure, Defendants "need not produce the same electronically stored information in more than one form." Courts in this Circuit have held that if electronically-stored information is produced in one form, "then the responding party need not re-produce it in the [p]laintiff's preferred form." Elhannon LLC v. F.A. Bartlett Tree Expert Co., 2017 U.S. Dist. LEXIS 58693, at *22 (D. Vt. Apr. 18, 2017); see also A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co., 2014 U.S. Dist. LEXIS 125683, at *14 (D. Conn. Sep. 9, 2014) ("neither the letter nor the spirit of Rule 34 mandates that a party is entitled to production in its preferred format."). Here, Defendants produce a long video by CD-ROM. Without further from Plaintiffs as to why they cannot access the copies provided, Defendants have fulfilled their discovery obligations.

Furthermore, producing the video in CD-ROM, as opposed to by email or Google Drive, as Plaintiffs demand, is the most reliable form. Though Plaintiffs, again without any authority or proof, vouch for the security of these two mediums, recent events relay otherwise. Specifically, given the recent cyber attacks, Defendants are entitled to ensure the security of the documents

2

they produce, particularly one designated as confidential. See e.g., Mark Scott and Nick Wingfield, Clock Ticking, Security Experts Scramble to Defuse Cyberattack, N.Y. TIMES, May 13, 2017 at A15; see also Aatif Sulleyman, Gmail Phishing: Latest Cyber Attack Infects Users by Mimicking Past Emails, THE INDEPENDENT (January 17, 2017, 16:56 GMT), http://www.independent.co.uk/life-style/gadgets-and-tech/news/gmail-phishing-latest-cyber-security-attack-hacking-infect-users-mimicking-past-emails-a7531981.html. In addition, email is far from secure as the content of the video can be easily transmitted to the public or the media with just a click of a button. Defendants should not be obligated to produce electronically-stored information that they have deemed confidential on an unsecure medium, merely because that medium is the one that Plaintiffs demand.

Regardless, as can be evidenced by Defendants' three attempts to produce the video to Plaintiffs, Defendants have no wish to withhold the video. Defendants have produced the full and accurate video to Plaintiffs several times so that they can better assess and value their claims. Thus, as Defendants have offered to Plaintiffs' counsel, if he cannot get the video to work, Plaintiffs can inspect the entirety of the video at the Office of Corporation Counsel, in accordance with Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure. Such inspection would allow Plaintiffs to determine whether the alleged "gaps" are a "function of the medium or actual issues with the videos." Defendants can coordinate a mutually convenient time for Plaintiffs to inspect the video.

**Conclusion.**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to compel the video in another form.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Brachah Goykadosh*
Brachah Goykadosh
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Robert Marinelli, Esq. (by ECF)
      *Attorney for Plaintiffs*
      305 Broadway, 9th Floor
      New York, New York 10007

      Raoul Zaltzberg (by ECF)
      *Attorney for Plaintiffs*
      Zaltzberg & Hutchinson, LLC.
      305 Broadway, Suite 900
      New York, New York 10007