

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

NELSON R. LEESE
*Assistant Corporation Counsel*
Phone: (212) 356-4361
Fax: (212) 356-2034
nleese@law.nyc.gov

January 30, 2018

**VIA E.C.F.**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Rodney Smith, et al. v. City of New York, et al.</u>,
              15-CV-03859 (PKC) (CLP)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent Defendants City of New York, Joseph Ponte, and William Clemons in the above-references matter.  Defendants write, in advance of the upcoming status conference scheduled for February 1, 2018, to provide the Court with a status of Defendants' actions since the last status conference.

       As Your Honor may recall, twenty-two Plaintiffs are alleging that they were subjected to excessive force by members of Department of Correction inside Otis Bantum Correctional Center on February 16, 2015.  On or about June 14, 2017, Defendants produced three videos to the Plaintiffs that depict part of the incident at issue.  These videos are labeled "0014," "0015," and "0016."  At the last conference on December 15, 2017, Your Honor ordered the Plaintiffs' attorneys to send screenshots from these videos to their incarcerated clients and to seek a Court order to speak with their clients to identify themselves on the videos.  Although not reduced to writing in the Court's Order, Defendants requested that Plaintiffs' counsel also meet with those Plaintiffs who are not incarcerated in order for them to identify themselves on the videos as counsel represented that they could not.  In the December 15, 2017 Order, Your Honor ordered the Defendants' attorneys to meet with DOC members and try to identify them on the videos.  Additionally, Your Honor ordered the parties to meet and review the videos in an effort to further identify as many individuals as possible.

Counsel for Defendants emailed Plaintiff's counsel on December 15, 2017 – the same day as the conference – to schedule a meeting to review the video. Plaintiffs' counsel first responded on December 29, 2017, agreeing to meet on January 5, 2018. On January 4, 2018 Plaintiffs' counsel requested that the meeting be rescheduled. The parties instead met on January 9, 2018, and reviewed the three videos listed above. At this meeting, Plaintiffs' counsel first advised Defendants that they are only seeking the identities of approximately eighteen to twenty-one DOC staff members who are observed in the gym at or before the 4:14 time stamp on the video labeled "0015" (hereinafter the "relevant portions of video '0015'"). At the January 9th meet and confer, Plaintiffs' attorneys only identified Plaintiff Leon Wilson in the relevant portions of video "0015." From video "0016," counsel also identified Plaintiff Brandon Villella and three additional Plaintiffs without providing names. Plaintiffs' attorneys also advised Defendants at that meeting that they had mailed screenshots of the videos to their clients the day before. On January 26, 2018, Plaintiffs' counsel named two of the three Plaintiffs previously identified without a name, and identified three additional Plaintiffs by name from the screenshots from the videos. On January 29, 2018, Plaintiffs' counsel identified one additional Plaintiff, Michael Rock, based on his clothing and appearance time in video "0016." The Plaintiff identified as Michael Rock appears to be one of the same individuals previously identified without a name at the January 9 meet and confer. In total, Plaintiffs' counsel has identified seven of their twenty-two clients on the videos.

There are 53 members of DOC – not 70 as Plaintiffs' counsel previously stated - who have involvement in the alleged incident. This is still a significant number, but since the last conference, counsel for the Defendants have been making every effort to meet with as many of them as possible. In fact, we already interviewed thirty-five individuals who have been reported to have some connection to the underlying incident. In addition, on January 10, 2018 – the day following the meet and confer – Defendants identified by email to Plaintiffs nine DOC members who appear in the gym during the relevant portions of video "0015." On January 12, 2018, Defendants served Supplemental Disclosures on Plaintiffs specifying each DOC member who completed a Use of Force Report for this incident and summarizing that member's involvement. On January 25, 2018, Defendants identified another twelve officers who appear in the relevant portions of video "0015." Defendants also identified four additional officers who entered the gym during the relevant portions of video "0015" based on their Use of Force Reports, although these officers have not yet been identified specifically on the videos" to Plaintiffs' counsel. In total, Defendants have identified twenty-five officers who were present in the gym during the relevant portions of video "0015.

Relatedly, Defendants first served Plaintiffs' counsel with Discovery Demands on or about July 6, 2016. On or about October 13, 2017, Defendant served additional identification interrogatories on Plaintiffs' counsel. Plaintiffs' counsel first responded to both sets of discovery demands by Email on December 31, 2017. Plaintiffs finally served their responses as well as their Rule 26(a) Initial Disclosures on January 18, 2018.

Finally, yesterday, Plaintiffs' counsel emailed Defendants a Proposed Amended Complaint. Despite Plaintiffs' representation on January 9th that they seek to name approximately nineteen to twenty-one individuals, the caption of this Proposed Amended Complaint lists thirty DOC employees, all of whom submitted Use of Force Reports which Defendants produced to Plaintiffs in November 2015. Because this Proposed Amended

Complaint was just received yesterday, Defendants would like an opportunity to review it more carefully.  However, at a glance several problems make it unclear which DOC members Plaintiffs would like to name as defendants.  First, although the caption lists thirty DOC member, there are thirty-two DOC members in the "Parties" section in ¶¶ 10-11. Second, the caption lists C.O. Kelvin Rush twice and appears to list Captain Kamona McDonald twice under the incorrect names "Captain Ramona McDonald" and "C.O. Camona McDonald."  Third, officers Aaron Murphy and Elvin McLaughlin are both left out of the caption but included in the "Parties" section.  Finally, officer Wilson Delossantos is listed twice in the "Parties" section.  Defendants will review the Proposed Amended Complaint in more detail and provide any further objections or comments as soon as possible but no later than February 2, 2018.  This would give the Plaintiffs exactly two weeks before the Statute of Limitations expires on February 16, 2018 to file an Amended Complaint, or seek leave from the Court to file if Defendants do not consent to the proposed pleading in its present form.

    Defendants thank the Court for its attention to this matter.

                Respectfully submitted,

                 /s/
                Nelson R. Leese
                *Assistant Corporation Counsel*

cc: Robert Marinelli *(via E.C.F.)*
   *Attorney for the plaintiffs*
   305 Broadway, 9th Floor
   New York, New York 10007
   Email: robmarinelli@gmail.com

   Raoul Zaltzberg *(via E.C.F.)*
   *Attorney for plaintiffs*
   Zaltzberg & Hutchinson, LLC.
   305 Broadway, Suite 900
   New York, New York 10007
   Email: zandhlegal@gmail.com