UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
Rodney Smith, et al,

         -against-                        15-CV-3859 (PKC)(CLP)

City of New York et al.

--------------------------------------------------------------------X

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR LEGAL FEES AND COSTS

                              Robert Marinelli, Esq.
                              305 Broadway, Suite 1001
                              New York, New York 10007
                              212-822-1427

                              Raoul Zaltzberg, Esq.
                              305 Broadway, 9th Floor
                              New York, New York 10007
                              (212) 822-1459
                              Attorneys  for Moving Plaintiffs

TABLE OF CONTENTS

PRELIMINARY STATEMENT 1

ARGUMENT 2

POINT I     THE FEES SOUGHT ARE REASONABLE AND APPROPRIATE AND SHOULD BE AWARDED IN THEIR ENTIRETY 2

    A.     Hourly Rates For Hours Spent Exclusively For PLRA Movants 2

    B.     Hourly Rate For Hours Spent Exclusively On non-PLRA Movants 3

    C.     Hourly Rate For Hours Spent on Both PLRA and non-PLRA Movants 4

    D.     Work Performed for Non-Movant Plaintiffs 5

POINT II     THE HOURLY RATES REQUESTED BY COUNSEL ARE REASONABLE AND SHOULD BE AWARDED 8

    A.     Rate for PLRA Movants 8

    B.     Robert Marinelli's Hourly Rate is Reasonable 8

    C.     Raoul Zaltzberg s Hourly Rate is Reasonable 8

POINT III     FEES FOR THE FEE MOTION SHOULD BE AWARDED AS REQUESTED 9

POINT IV     THE COSTS INCURRED BY PLAINTIFF WERE REASONABLE AND NECESSARY 13

CONCLUSION 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RODNEY SMITH, et al.,

                        Plaintiff,

-against-                                       15 CV 3859 (PKC) (CLP)

CITY OF NEW YORK, et al.,

                        Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PRELIMINARY STATEMENT;

        This civil rights case was brought by 22 plaintiffs who alleged that they were subjected to excessive force while incarcerated in Rikers Island. The defendants Offers of Judgment pursuant to Fed. R. Civ. P. 68 were accepted by 14 plaintiffs ("Moving Plaintiffs"), the remainder continue their prosecution (Non-Moving plaintiffs). The terms of settlement for twelve of the Moving–Plaintiffs (PLRA Movants[1]) is subject to the Prisoners Litigation Reform Act (PLRA), the agreement with the remaining Moving-Plaintiffs is not (non-PLRA Movants[2]). The terms of the offers provided, in relevant part, for the payment of reasonable legal fees and costs.

        Accordingly, Plaintiffs now move for an award of attorney s fees, expenses and costs in the amount of $75,274.80, pursuant to Fed. R. Civ. P. 54, Local Rule 54.1, and

---

[1] The PLRA movants and their settlement amounts are: 1). Fernando Bell $251; 2). Daquan Brown - $3,001; Jeffery Coriolan - $251; Marquailes Gray - $$1,001; Eric Johnson - $251; Tyshawn Kennedy - $251; Steve Mitchell - $1,001, Deshaun Paige, $3,001, Michael Rock - $1,001, Teddy Spann - $251; Zantwon Tucker - $5,001 and Brandon Villella - $25,001.

[2] The non-PLRA Movants and their settlement amounts are Leon Wilson - $1,001 and Natoine Marshall - $251.

1

the express terms of the defendant s offer of judgment and the judgment as entered. In addition to the moving declarations and the exhibits attached thereto, the Moving Plaintiffs incorporate by reference the prior filings and information already before the Court.

## ARGUMENT

## POINT I

### THE FEES SOUGHT ARE REASONABLE AND APPROPRIATE AND SHOULD BE AWARDED IN THEIR ENTIRETY

A.  <u>Hourly Rates For Hours Spent Exclusively For PLRA Movants</u>

The PLRA limits attorneys fees to the lesser of the lodestar, where plaintiffs' attorneys fees are set rates to "150 percent of the hourly rate established under section 3006A of title 18 [of the United States Code] for payment of court-appointed counsel." 42 U.S.C. § 1997(e)[3]; or 150% of a monetary judgment. 42 U.S.C. § 1997(e)(d); Shepherd v. Goord, 662 F.3d 603, 607 (2d Cir. 2011).

In this matter, the lodestar for each PLRA Movant is greatest, and so fees should be set at 150 percent of each PLRA movant's monetary judgment (See Exhibits x thru xx).

The PLRA Rates apply to work done by each member of plaintiffs' legal team, regardless of their seniority. As Judge Cote held in <u>Reynolds v. Goord</u>, 2001 WL 118564, at *2 (S.D.N.Y. Feb. 13, 2001), "[t]he PLRA does not require that attorneys with different experience levels be compensated at different rates." Judge Cote noted in

---

[3] The hourly rate that the PLRA rate is based upon, commonly referred to as the CJA rate, is set by the Judicial Conference of the United States. See 18 U.S.C. § 3006A(d)(1) & (2). In this District that rate is $132 an hour. Accordingly for non-PLRA clients working exclusively on non-PLRA client issues, plaintiffs' attorneys rate is $198; or to 150% of a monetary judgment. 42 U.S.C. § 1997(e)(d); Shepherd v. Goord, 662 F.3d 603, 607 (2d

Reynolds that when PLRA rate is applicable, the only issue is whether "the hourly rates provided by the PLRA are reasonable as applied to the particular attorney, and in the context of this action." Id. Recognizing that the "work performed by the two associates [who worked on Reynolds] [is] customarily billed at rates far higher than the statutory [billing] cap," Judge Cote held it was appropriate to compensate all of the plaintiffs' attorneys, including less experienced associates, "at the maximum rate allowed by the statute." That is the case here, where each of plaintiffs' attorneys bill at a rate well in excess of that established by the PLRA.

B.  Hourly Rate For Hours Spent Exclusively On non-PLRA Movants

For non-PLRA movants, a reasonable hourly rate is determined by the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006), quoting Blum v. Stenson, 465 U.S. 886 (1984). Courts may rely upon its own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Perdue v. Kenny A., 130 S. Ct. 1662 (2010) describes a reasonable fee, set at the prevailing market rate in the relevant community, as one sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. Perdue, 30 S. Ct. at 1672 (citations omitted). This requires that the courts grant full lodestar recoveries in successful cases, including reference to the prevailing market rates in the relevant community governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases. Blum, 465 U.S. at 893.

---

Cir. 2011).

3

As the Court noted in <u>Blum</u>, Congress directed that attorney s fees be calculated according to standards currently in use under other fee-shifting statutes: It is intended that the amount of fees awarded under [1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases. <u>Blum</u>, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)). The Court continued, the critical inquiry in determining reasonableness is now generally recognized as the appropriate hourly rate. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this fashion is normally deemed to be reasonable, and is referred to for convenience as the prevailing market rate <u>Id</u>. at 898.

In short, the plaintiffs are entitled to recover their legal fees based on an evaluation of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, both counsels' rate and the amount of time spent on the litigation are reasonable, and thus plaintiffs should be permitted to recover the full amount sought.

C.     <u>Hourly Rate For Hours Spent on Both PLRA and non-PLRA Movants</u>

Counsels' hourly rate for work common both to PLRA-movants and non-PLRA movants should be set at the non-PLRA movants' hourly rate. As an initial matter, it is undisputed that each plaintiff's case concerns a common core of facts and legal theories, i.e., each of the plaintiffs were subjected to excessive force on February 16, 2015, at approximately 5:00 P.M. in the OBCC 5-west gym.

It is settled that where the litigation involves a common core of facts or related legal theories, much of counsel's time will be devoted generally to the litigation as a singular whole, making it difficult to divide the time expended by claim. Similarly, common tasks performed for the plaintiffs, whose cases are interrelated and inextricably intertwined, cannot readily be disentangled by either the individual claims or on a plaintiff-by-plaintiff basis, which is to say, such a lawsuit cannot be viewed as a series of discrete claims. Green v. Torres, 361 F.3d 96, 98 (2d Cir. 2004) (noting that when claims contain common core facts they are not severable and attorney's fees are properly awarded); Murphy v. Lynn, 118 F.3d 938, 952 (2d Cir. 1997); Griffin v. Astro Moving & Storage Co. Inc., 2015 WL 1476415, at *10 (E.D.N.Y. Mar. 31, 2015) (A court need not reduce a fee award where the successful and unsuccessful claims were interrelated and required essentially the same proof.)

Thus, where work that was necessarily and reasonably performed for non-PLRA plaintiffs, it should be compensated at counsels' regular rate. The fact that the work also happened to benefit or otherwise relate to any of the PLRA plaintiffs' claims is beside the point. Put differently, the statutory limitations imposed by the PLRA have no bearing on the hourly rates for work carried out on behalf of the remaining plaintiffs. As counsel should be properly paid their ordinary rate for such labor, it follows that time expended for both non-PLRA and PLRA movants should be paid at counsels' normal rate, and without regard for the limitations imposed by the PLRA.

D. Work Performed for Non-Movant Plaintiffs

To the extent that defendants may argue that the Moving Plaintiffs recovery should be limited on a pro rata or proportionality basis, such an argument is without

5

merit. The facts and ruling in Hargroves v. City of N.Y., 2014 WL 1271039 (E.D.N.Y. Mar. 26, 2014) illustrate the proper course in a case such as this. There, two of the four plaintiffs accepted Offers of Judgment. The remaining plaintiffs' claims were later dismissed. In the subsequent fee motion practice, defendants argued that the fees ought to be halved. In rejecting this argument, the Hon. Roslynn R. Mauskopf adopted the report and recommendation of the Hon. Vera M. Scanlon, ruling:

> In determining the number of hours reasonably expended ... [a] district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims. However, consistent with the interrelated nature of the factual and legal issues in both this case and the underlying state cases, the claims, defenses, and strategies in this case were closely intertwined. For instance, as Magistrate Judge Scanlon noted, the hours spent preparing the unsuccessful [p]laintiffs for their depositions ... were [also] hours reasonably expended in furtherance of the prevailing [p]laintiffs' claims because, given that the case centered on [all plaintiffs'] unlawful arrest as part of a group together, they had discoverable information that was relevant to the successful [p]laintiffs' claims. Nevertheless, the R & R appropriately identified and recommended that this Court exclude those hours attributable exclusively to the unsuccessful plaintiffs' claims. Since discovery and motion practice in this case focused on facts and legal issues relevant to all plaintiffs, the Court concludes that a gross percentage reduction is unnecessary.

Hargroves, at *5 (Quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999).

Here, to the extent that work was performed exclusively for the Non-Movants, it can be (and was already) excluded. For example, the time that was spent meeting, corresponding and reviewing records for Non-Movants is not included in this fee request. (See the declaration of Robert Marinelli, dated September 11, 2018 (the Marinelli Dec. ) at XX. Accordingly, the only deductions in terms of hours awarded

6

ought to be for that work which can be disentangled from the common core of facts and legal theories presented. However, the Moving Plaintiffs have not sought any such fees, as reflected in their detailed time sheets in which the work performed is presented in one-tenth increments in a manner that allows the Court to readily identify and assess each task performed. These records, viewed in the context of this litigation, establish the reasonableness of the work performed and the time expended.

## POINT II

### THE HOURLY RATES REQUESTED BY COUNSEL ARE REASONABLE AND SHOULD BE AWARDED

A.   Rate for PLRA-Movants

As discussed above, both Marinelli and Zaltzberg should be paid at the maximum rate under the PLRA, $198 per hour.[4]

B.   Robert Marinelli's Hourly Rate is Reasonable

Mr. Marinelli's request for an hourly rate of $375.00 is reasonable and in line with a partner in a small law firm with over twenty years of experience. *See Thomas v. City of New York*, 2017 U.S. Dist. LEXIS 199235, (EDNY. Dec. 1, 2017); *Artemide Inc. v. Spero Elec. Corp.*, 2010 U.S. Dist. LEXIS 136870, 2010 WL 5452075 (EDNY. Nov. 23, 2010). "Current prevailing rates for partners in the Eastern District range from $350.00 to $450.00. *Blount v. City of New York*, 11-CV-0124 (BMC), 2011 WL8174137 (E.D.N.Y. Aug. 11, 2011) (awarding a $425 hourly rate to an attorney with an office in Brooklyn with over fifteen years of experience who has appeared in over 150 federal lawsuits); *Andrews v. City of New York*, No. 14-CV-4845, 2015 WL 2237060 (E.D.N.Y, May 12, 2015) (awarding a fee of $425 to a solo practitioner in

7

Brooklyn with experience in approximately 650 Section 1983 cases); *Thorsen v. County of Nassau*, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011) (finding $450 to be a reasonable rate for a partner with an office in Nassau County) (collecting cases).

Mr. Marinelli has been admitted to practice law in the State of New York since 1993 and possesses a considerable amount of experience in the litigation of Section 1983 actions against NYPD. Since 2008, Mr. Marinelli has litigated hundreds of matters in federal court in the Eastern and Southern Districts of New York – all involving claims against NYPD for, *inter alia*, false arrest, malicious precaution, and excessive force. Marinelli has tried eight civil rights cases in Federal Court and one in State Court and has actively litigated civil rights matter in the Eastern District for over seventeen years. *See* Marinelli Decl. ¶ 13.

In addition to his extensive experience in civil rights litigation, Mr. Marinelli has substantial experience in criminal law, having represented hundreds of clients and tried over 20 cases to a jury verdict; and has perfected scores of appeals in the Appellate Divisions of this state. *See* Marinelli Decl. ¶ 14-16. In Cooper v. Dieugenia, 14-CV-6136, Memorandum and Order. Mr. Marinelli's was awarded a rate of $325. This ruling was based, in part, on the erroneous assertion that Mr. Marinelli has "eight years of specialized experience in police misconduct matters." Cooper v. Dieugenia, No. 14-CV-6136 (PKC), 2018 U.S. Dist. LEXIS 76800 (E.D.N.Y. May 7, 2018).

C. Raoul Zaltzberg s Hourly Rate is Reasonable

---

[4] 150% of the CJA rate of $132 per hour.

8

Raoul Zaltzberg has been practicing law for 11 years. Initially, Mr. Zaltzberg's practice was almost exclusively in the area of criminal defense. During this period, Mr. Zaltzberg handled a wide variety of serious felony cases and tried over a dozen criminal cases to verdict in state court. Over time his practice has expanded to include numerous civil rights actions. (Declaration of Raoul Zaltzberg dated Sept. 11, 2018 at 4 - 7. In view of his years of experience and trial and litigation experience, Mr. Zaltzberg's hourly rate of $300 is relatively modest.

Mr. Zaltzberg began incorporating civil rights cases into his practice in 2014. While he still has a healthy criminal practice, much of Mr Zaltzberg's work now concerns police misconduct cases under 1983. It is undisputed that Mr. Zaltzberg's hourly rate has never been the subject of a motion in any civil rights action, which can be said for many attorneys in this field. It is also true that Mr. Zaltzberg s involvement in civil rights litigation pales in comparison to his experience in criminal defense. However, it would be misguided to place too much focus on such general facts. As a skilled trial lawyer with an extensive background in criminal defense, Mr. Zaltzberg brings much needed expertise in two areas of law that are critical to the success of his civil rights clients. Put differently, years of experience in criminal law and as a trial attorney are invaluable in a field that dovetails with, and often overlaps, criminal law.

**POINT III**

FEES FOR THE FEE MOTION SHOULD BE AWARDED AS REQUESTED

As courts in both the Eastern and Southern Districts have concluded, it is within the district court's discretion as to whether to award fees for fees motions in a post Rule 68 setting, with the determination to turn on the reasonableness of the request.

9

The defendants will likely argue that such an award is foreclosed by the language of the Offers of Judgment. While some courts within the Second Circuit may agree, others certainly do not. For instance, in September 2016, the Hon. Nicholas G. Garaufis rejected the same defendants' argument, and awarded plaintiff fees for the making of a fee motion following plaintiff s acceptance of a Rule 68 offer of judgment. John v. Demaio, 2016 WL 7469862, at *11 (E.D.N.Y. Sept. 29, 2016), report and recommendation adopted, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016). In so ruling, the court acknowledged the existence of prior rulings that limited fees to the date of the offer of judgment, but also noted decisions to the contrary, before concluding that such fees-on-fees were permissible and that courts should evaluate an application for the costs of preparing the fee application in the same manner as the costs of litigating the case. Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1059 (2d Cir. 1995) for the latter rule).

In February 2016, this Court adopted the recommendation of Magistrate Judge Pollak that plaintiff be awarded fees-on-fees following the acceptance of a Rule 68 offer of judgment from the same municipal defendant. As in Demaio, the Court acknowledged decisions to the contrary, including some cited by the defendants now, but elected to award fees for the fee application because counsel was forced to vigorously defend their qualifications and experience to justify their requested rate. Johnson v. City of New York, 2016 WL 590457 (E.D.N.Y. Feb. 11, 2016)Johnson v. City of New York, 2016 WL 590457, at *6 (E.D.N.Y. Feb. 11, 2016) (citations omitted).

In another such case, the Hon. Shira A. Scheindlin addressed the same argument from the same municipal defendant in March 2012. The Court noted that while

10

the language of the offer might arguably bar fees-on-fees, the City was on notice that time spent on the fee application would become a component of the application and that equity favored a reasonable award for such fees. Rosado v. City of New York, 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012); Hassan v. City of New York, 2014 U.S. Dist. LEXIS 26194, at *23 (E.D.N.Y. Feb. 10, 2014) (same); Lee v. Santiago, 2013 WL 4830951, at *13 (S.D.N.Y. Sept. 10, 2013) (same).

More recently, the Hon. Paul A. Engelmayer award fees for an application in a post-Rule 68 setting, even after plaintiffs refused to negotiate prior to the motion practice. Charles v. City of New York, 2014 WL 4384155, at *8 (S.D.N.Y. Sept. 4, 2014). To be sure, as defendants note, and as those courts that have awarded fees-on-fees have expressly acknowledged, some courts in this Circuit have found that the limitation on fees through the date of the offer necessarily barred fees for the subsequent fee motion practice, regardless of how or why it came to pass. However, the more persuasive argument is that such fees are permissible and may be awarded.

The plain language of the relevant part of the Offers in question is as follows, defendants hereby offer to allow [the Moving Plaintiff] to take a judgment against the City of New York in this action for the total sum of [the amount of the judgment], plus reasonable attorneys' fees, expenses, and costs to the date of this offer for [the Moving Plaintiff s] federal claims.  This language appears to foreclose the plaintiff s right to recover for time expended litigating the plaintiff s claims in the days following the offer, even if it is then accepted. On the other hand, the offer makes clear the amount of fees to be paid is to be determined at a future date, and the number of hours to be compensated, the work performed, and the hourly rate(s) of counsel to be paid, are all left

11

for future adjudication. All of this is to say that the offer of a legal fees and costs to be paid in the future in an amount to be determined all but ensures a contentious and adversarial discussion, and often further litigation over a matter collateral to plaintiff's underlying civil rights claim.

Moreover, as articulated in Rosado, and echoed by other courts since, fairness dictates that fees for the fee application ought to be awarded on occasion. To hold otherwise would be to provide defendants with an incentive to avoid good faith settlement discussions, to take aggressively low positions that devalues both the plaintiffs' attorneys themselves and the work they performed. Defense counsel would be emboldened to take even more extreme positions because plaintiffs counsel cannot always afford the many hours it can take to adequately defend their work and their worth. Fairness dictates that reasonable fees for work necessarily expended on a fee application are compensable, as other courts have agreed. The question then is not whether the Court can award fees on fees, but rather simply whether it should.

As for the reasonableness of the time spent, the Moving Plaintiffs are requesting compensation for a total of 9.0 hours for the fee motion practice, not including any further labor that may be expended replying to defendants' opposition. This is well within the ambit of reasonableness as defined in other decisions in this district. Johnson, 2016 WL 590457, at *7 (Awarding fees for 30 hours of time expended on fee application); Anderson v. Cty. of Suffolk, 2016 WL 1444594, at *6-7 (E.D.N.Y. Apr. 11, 2016) (awarding fees for 21 hours on fee application and collecting cases for proposition that 25-30 hours is within a reasonable time). The Moving Plaintiffs respectfully submit that the Court can determine from its own evaluation of the motion as a whole whether the

12

time expended reasonably correlates to the final product.

## POINT IV

### THE COSTS INCURRED BY PLAINTIFF WERE REASONABLE AND NECESSARY

The Offer of Judgment presented by the municipal defendant expressly delineated payment of plaintiff s costs as part of the overall consideration offered to plaintiff in exchange for agreeing to the accept defendants' offer. Plaintiff is seeking $400 in costs, which covers only the filing fee. While the Moving Plaintiffs have other costs in this case related to, for example, postage, and minor matters incidental to the litigation, the movants are not seeking to recover these costs. Rather, they are requesting that defendants pay only their fee filing which is documented on the Court's docket.

CONCLUSION

For the foregoing reasons, the Court should award plaintiff the entirety of the award he is seeking, which consists of legal fees in the amount of $78,249.80, as well as costs in the amount of $400, for a total award of $78,649.80.

Dated: New York, New York
       September 11, 2018

                                                                                                         ___/s_____
                                                                                                         Robert Marinelli, Esq.
Attorney for Plaintiffs
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427


               ___/s_____
Raoul Zaltzberg, Esq.
Attorney for Plaintiffs
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427


To:   All counsel of record (By mail and email)

15