Counsel's Background and Rate

1.      I attended New York Law School, graduating in May 2007. I was admitted to practice law in the State of New York in 2008 and Southern and Eastern Districts in 2014. I have an extensive background in the area of civil rights law.

2.      From the years 2007 through 2013, for the most part, I represented indigent clients in various New York State criminal courts. Initially as a lawyer with the Legal Aid Society of Kings County, and thereafter with the Legal Aid Society of New York County.

3.      In March of 2014 through January of 2017, I was a partner in a law firm, Zaltzberg & Hutchinson, LLC. I also continued to represent indigent clients through the New York County 18B Panel.

4.      In February of 2018, I started my firm, Zaltzberg Law, where I am the sole partner. I continued to also be a member of the New York County 18B Panel. In addition, I am a mentee in the Southern District CJA Panel.

5.      During this my partnership and continuing in my own firm,  I have actively participated in a number of civil rights matters.

6.      I have tried over 15 criminal cases to verdict.

7.      Since starting my own practice in 2014 I have prosecuted over 15 § 1983 cases, in the Eastern District and Southern Districts of New York.

8.      Though Mr. Marinelli and I worked on the matter, we did not perform unnecessary or duplicative tasks, such as having multiple attorneys attend court conferences, participate in phone calls with defense counsel or defend depositions.

9.      Though there were emails and phone calls between co-counsels, this is not an indication of duplicative work. It is normal for attorneys working on in tandem to confer about case strategy and discovery matters.

<u>The Requested Hourly Rate of $300 Is Reasonable</u>

10.     On behalf of the plaintiff, I am seeking to recover attorney's fees at the hourly rate of $300 for my work in this matter.  In making this request, I have assessed the rates of other attorneys like myself who have been practicing a similar period of time and who have attained a similar level of expertise.

<u>Hours Expended on this Matter</u>

11.     A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. <u>See</u> <u>New York State Ass'n for Mentally Retarded Children v. Carey</u>, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Annexed as Exhibit 1 to this declaration are detailed and contemporaneous time records. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed in the successful prosecution of this case.

12.     The fees and costs set forth herein do not include any further work which may be necessary on this motion (such as a Reply to the defendants' Opposition), or work to be performed by me in response to the Court's actions with respect to this fee application, including any appeal the parties may take.  If warranted, plaintiff will supplement his request for fees and costs to reflect all work done on this matter from this point forward.

<u>Conclusion</u>

13.     In sum, all of the time I expended was reasonable and necessary to properly represent

plaintiff.

Dated:  New York, New York
         September 11, 2018


                                              _____/s/_____
                                              Raoul Zaltzberg, Esq.